# LOCKWOOD *v.* RUCKER.

---

APPEAL AND ERROR; VERDICT ON CONFLICTING EVIDENCE; REVIEW OF.

1. A verdict upon conflicting evidence cannot be reviewed upon appeal.
2. *Lockwood* v. *Rucker,* 34 App. D. C. 376, applied and followed.

No. 2519.    Submitted April 11, 1913.    Decided May 5, 1913.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action on a contract for division of attorneys' fees.

                                        *Affirmed.*

The facts are stated in the opinion.

*Mr. William H. Robeson* and *Mr. Charles A. Keigwin* for the appellant.

*Mr. Charles Poe, Mr. Samuel A. Putman,* and *Mr. Charles A. Maxwell* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This case was here before. 34 App. D. C. 376. The facts are substantially the same as set forth in our former opinion. The error upon which we reversed that judgment was not repeated in the present trial. Appellant was permitted to testify, perhaps more than was proper under the statute, in relation to the interview on which that case turned. We are of opinion that this evidence reduced the question of appellant's liability to an issue of fact for the jury. The case was tried and submitted without prejudicial error, and resulted in a verdict in favor of appellee.

The judgment is affirmed with costs.                *Affirmed.*

A motion by the appellant for the allowance of a writ of error from the Supreme Court of the United States was denied May 26, 1913. The mandate was on motion of the appellant stayed pending a petition to the Supreme Court of the United States for the writ of certiorari.

---

# RE ROWE.

PATENTS; PATENTABILITY; PROCESS CLAIMS; PRIOR APPARATUS PATENT.

Where the claims of an applicant for a process and a prior patent to him
for an apparatus disclose but one invention, but one patent can issue,
and the invention covered by such prior patent for an apparatus is
not made different so as to be patentable as a process, by merely
designating it such in claims which do not disclose another invention, but merely state in different words the invention covered by the
prior patent. (Citing *Re Creveling,* 25 App. D. C. 530–535.)